UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.H. by her guardian ad litem, Juanita Luna<br><br>Plaintiff,<br><br>v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT, KATHLEEN QUIJADA, AND DOES 1–100, INCLUSIVE,<br><br>Defendants. | No.: 1:17-cv-257-DAD-JLT<br><br>ORDER APPROVING SETTLEMENT INVOLVING MINOR AND DISABLED PLAINTIFF<br><br>(Doc. No. 23.) |

On November 20, 2017, plaintiff P.H., through her guardian *ad litem*, Juanita Luna, ("plaintiff") filed an unopposed motion for approval of a minor's settlement, following a mediation that occurred on May 16, 2017. (Doc. No. 23.) On December 19, 2017, the court held a hearing with respect to the motion. Attorney David M. Grey appeared on behalf of plaintiff and attorney Vanessa Cohn appeared on behalf of defendant. For the reasons set forth below, the court will grant the motion.

**BACKGROUND**

In moving for approval of settlement, plaintiff represents as follows. P.H. is an eight year old girl who is legally blind and suffers from various disabilities, including multiple seizure disorder, partial optic atrophy, intermittent exotropia, microcephaly, a clotting disorder, and small corpus callosum. (Doc. No. 23-1 at 2.) P.H. is nonverbal, unable to perform ordinary tasks

1

without help, and has limited mobility.  (*Id.* at 1.)  P.H. was allegedly abused and neglected by her teachers at a school with the Tehachapi Unified School District from March to May of 2016.  (*Id.*)  Her classroom teacher restrained her in a chair for hours and kept a blanket tied around her neck.  (Doc. No. 1 at 6.)  Additionally, teachers would scream in her face and isolate her from other students in the classroom.  (*Id.*)  As a result of the alleged abuse, plaintiff came home from school with soiled diapers and bruises on her body, though she did not require medical attention.  (*Id.*)  A classroom aide, who witnessed the events, took photos of P.H. tied to her chair and notified her mother, Ms. Luna.  (*Id.*)  Thereafter, Ms. Luna removed P.H. from the school district and enrolled her in a charter school.  (*Id.*)

This action was initiated on February 22, 2017 with a complaint filed naming Kathleen Quijada, Tehachapi Unified School District, and Does 1-100, inclusive ("defendants") as defendants.  (Doc. No. 1.)  In her complaint, plaintiff stated the following eight causes of action: 1) violation of the Americans with Disabilities Act (ADA); 2) violation of the Unruh Civil Rights Act; 3) violation of Section 504 of the Rehabilitation Act of 1973; 4) breach of duty of due care arising under special relationship; 5) negligence; 6) assault; 7) battery; and 8) intentional infliction of emotional distress.  (Doc. No. 1.)  In the complaint, plaintiff sought general, special, and punitive damages, in addition to attorney's fees and the costs of the suit.  (*Id.* at 17–18.)  On February 22, 2017, plaintiff filed a motion to appoint Juanita Luna ("Ms. Luna") as guardian *ad litem* for plaintiff P.H.  (Doc. No. 2.)  On March 16, 2017, defendants moved to dismiss the complaint.  (Doc. No. 7.)  On June 9, 2017, the court issued an order denying defendants' motion to dismiss and granting plaintiff's motion to appoint Ms. Luna as guardian *ad litem*.  (Doc. No. 13.)  Defendants filed an answer and demanded a jury trial on June 23, 2017.  (Doc. No. 17.)

After a mediation session held on May 16, 2017, the parties reached a settlement calling for the payment to plaintiff of $21,250 in exchange for a full release, waiver of all claims, and dismissal of this case with prejudice.  (Doc. No. 23-1 at 3.)  Though plaintiff's counsel is retained on a contingency fee basis, he has agreed not to be paid a fee out of the agreed upon settlement amount in this case.  (Doc. No. 23-3 at 3.)  In addition, plaintiff's counsel has not been paid by another party in this matter.  (*Id.*)  Plaintiff's counsel also represented P.H. in another matter

brought against the Tehachapi Unified School District and received an award of $12,500 in fees as part of the settlement reached in that other matter. (*Id.*) On October 20, 2017, plaintiff filed a notice of settlement in this case. (Doc. No. 21.)

## LEGAL STANDARDS

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron*, 724 F.2d at 1363 ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*." (citation omitted)).

In examining the fairness of a settlement of a minor's federal claims, the Ninth Circuit has held that a district court's inquiry should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82; *see also id.* at 1179 n.2 (limiting the court's holding to cases involving federal claims only). Where a settlement involves state law claims, federal courts generally are guided by state law. *See* Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. & 9th Cir. Eds. 2015) ("Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires court approval of the fairness and terms of the settlement."). A settlement for a minor and attorney's fees to represent a minor must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code § 3601. Finally, the Local Rules of this court require the parties to make disclosures regarding the minors involved, the nature of the controversy, the manner in which the compromise was determined, and whether a conflict of interest may exist between the minor and her attorney. *See* Local Rules 202(b)–(c).

3

**DISCUSSION**

The parties have represented to the court that this settlement serves the best interest of the minor. At the hearing on the pending motion, plaintiff's counsel explained that this was a difficult case to investigate and prosecute because P.H. did not show signs of an objective medical injury. The difficulty was exacerbated because P.H. was unable to communicate about what happened or explain how it affected her due to her limited verbal ability. (Doc. No. 23-1 at 3.) Finally, the entirety of the proposed settlement proceeds will be used for P.H.'s benefit to purchase a specially equipped van at a discount through Kern Regional Center.[1] This, in turn, has been made possible in part because plaintiff's counsel has opted to forgo attorney's fees in connection with this action.

In petitions for minor's compromise, courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts. *See, e.g.*, *Bravo v. United States*, No. 1:14-cv-01004-AWI-JLT, 2016 WL 3418450, at *2–3 (E.D. Cal. June 22, 2016) (considering the posture of the case and the fact that the settlement occurred at a court-supervised settlement conference); *Hagan v. Cal. Forensic Med. Grp.*, No. 2:07-cv-01095-LKK-AC, 2013 WL 461501, at *1 (E.D. Cal. Feb. 5, 2013) (considering court-approved minor's settlements in other cases). Though this settlement is arguably on the lower side of an average recovery in somewhat similar cases that have come before the Eastern District, the settlement is fair and reasonable because of the previously mentioned difficulties in pursuing this case, including plaintiff's lack of an objective medical injury and her inability to testify. *See D.C. ex rel. T.C. v. Oakdale Joint Unified Sch. Dist.,* No. 1:11-cv-01112-SAB, 2013 WL 275271 (E.D. Cal. Jan. 23, 2013) (approving net settlement payment of $30,000 based on allegations that the school improperly used restraints and failed to provide proper programs, services, and activities); *Brooks v. Fresno Unified Sch. Dist.,*

---

[1] Kern Regional Center is a nonprofit regional center contracted by California through the Department of Developmental Services (DDS) to coordinate community-based services and support for individuals with developmental disabilities and their families.

No. 1:15-cv-00673-WBS-BAM, 2015 WL 9304862 (E.D. Cal. Dec. 22, 2015) (approving net settlement payment of $300,000 after a psychologist diagnosed plaintiff as suffering from post-traumatic stress disorder as a result of the conduct alleged and estimated that two to five years of therapy was necessary to recover from psychological trauma); *T.B. v. Chico Unified Sch. Dist.*, No. 2:07-cv-00926-GEB-CMK, 2010 WL 1032669 (E.D. Cal. Mar. 19, 2010) (approving net settlement payment of $16,500 based on allegations that the minor was subject to unnecessary force at school, despite repudiation of the settlement from the guardian ad litem).

Upon consideration of the information provided and arguments advanced in writing and at the hearing on the pending motion, the court is satisfied that this settlement is fair and reasonable in light of the facts of the case and the minor's specific claim.

## CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion to approve settlement involving a minor plaintiff (Doc. No. 23) is granted;

2. Defendants are directed, pursuant to the parties' settlement agreement to disburse $21,250 to Grey & Grey Client Trust Account and attorney Grey is directed to disburse these funds to the supplier of the specially equipped mobility van once the Kern County Regional Center approves the purchase and funds the balance of the cost of the mobility van; and

3. Upon disbursement of the funds, plaintiff is directed to file a notice of dismissal with prejudice as to all defendants as provided for in the settlement agreement.

IT IS SO ORDERED.

Dated: **January 23, 2018**

UNITED STATES DISTRICT JUDGE